UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOYD EUGENE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cv-00513 |
| | ) REEVES/SHIRLEY |
| UNIVERSITY OF TENNESSEE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Boyd Anderson filed this action in Knox County Circuit Court alleging wrongful arrest by officers of the University of Tennessee Police Department in violation of federal and state law. The University timely removed the action and filed a motion to dismiss alleging Anderson's claims are barred by the University's sovereign immunity under the Eleventh Amendment. For the reasons which follow, the University's motion will be granted and this action dismissed in its entirety.

### I. Factual Background

Anderson is a black man and a driver for the Uber Ride program. On September 18, 2014, Anderson picked up two white women to be dropped off at their dorm on the University's campus. One of the women appeared to be intoxicated. As Anderson was helping the women out of his car, he alleges Officer Kelley approached and began to interrogate him. Anderson states people began to gather, and he felt "harassed and embarrassed" by the officer's questions. He declined to give the officer his name when

asked "due to the officer's condescending nature and in order to avoid being the subject of social media posts." Anderson asked the officer if he was being accused of any type of violation or crime. Anderson next states that Officer Kelley "without provocation, cause, or probable cause placed his hands on plaintiff, grabbing his neck and placing him in a headlock . . . Plaintiff was pushed and shoved and slammed to the ground while offering no resistance to the officer. Plaintiff was forcibly placed in tight handcuffs and further assaulted by Officer Kelley and other officers." Anderson was arrested for criminal impersonation and resisting arrest, however, the charges were later dismissed. As a result of the officers' use of excessive force during the arrest, Anderson suffered injuries to his face, wrists, and aggravation of old basketball injuries to his back, neck and knees.

Anderson filed his complaint on September 18, 2015 in Knox County Circuit Court. The complaint states that because the University receives state and federal funds, it is subject to compliance with Titles VI, VII and IX of the Civil Rights Act of 1964 and human rights protections under Tenn. Code Ann. § 4-21-101 and § 50-2-201. Anderson further alleges claims for unreasonable search and seizure under the Fourth Amendment, violation of Equal Protection under the Fourteenth Amendment, and common law claims of assault, negligence, and intentional infliction of emotional distress.

Following the filing of the University's motion to dismiss, Anderson moved for leave to amend his complaint to add a reference to 42 U.S.C. § 1983 and removing the claim for intentional infliction of emotional distress.

## II. Standard of Review

When the court's subject matter jurisdiction is challenged by way of a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Hair v. Tenn. Consol. Retirement Sys.,* 790 F.Supp. 1358, 1362 (M.D.Tenn. 1992). Dismissal pursuant to Rule 12(b)(1) is appropriate where the Eleventh Amendment to the United States Constitution bars suit against the state. *Id.* Thus, if plaintiff fails to establish subject matter jurisdiction, his claims must be dismissed. Fed.R.Civ.P. 12(h)(3).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A motion to dismiss pursuant to Rules 12(b)(1) or 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

## III. Analysis

### A. Eleventh Amendment

The Eleventh Amendment states that the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. U.S. Const. amend. XI. Courts recognize three exceptions to a state's Eleventh Amendment immunity to suits in federal court: (1) the Ex Parte Young Exception, which permits suits against state officials rather than the state; (2) when the state has consented to suit; and (3) when Congress has acted to abrogate state sovereign immunity. *See, e.g., Beil v. Lake Erie Corr. Records Dep't,* 282 Fed. Appx. 3632, 366 (6th Cir. 2008).

The law is well settled that, in the absence of express state consent or express congressional abrogation by a federal statute, the Eleventh Amendment bars actions in federal court against a state. *Heifner v. Univ. of Tenn.*, 914 F.Supp. 1513, 1515 (E.D.Tenn. 1995). Tennessee has not waived its Eleventh Amendment immunity and cannot be sued in civil rights suits, even for injunctive relief. Tenn. Code Ann. § 20-13-102(a); *Sallee v. Bd. of Prof. Resp.*, 2015 WL 2374230 at *6 (E.D.Tenn. May 18, 2015). Not only does Eleventh Amendment immunity apply to federal law claims, but also to state law claims brought in federal court under the court's supplemental jurisdiction. *Heifner*, 914 F.Supp. at 1515. It is also well settled that the University is entitled to the state's Eleventh Amendment immunity as an "alter-ego" or "arm" of the state. *Id.*

Next, neither a state nor its officials acting in their official capacities are "persons" subject to suit under § 1983. *Id.* Finally, a § 1983 claim against a state official acting in

4

his official capacity is treated as a claim against the government itself. *Salee*, 2015 WL 2374230 at *7. Thus, because the University is an "arm" of the state, the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under § 1983. *Cox v. Shelby State Comm. College*, 48 Fed. Appx. 500, 504 (6th Cir. 2002). By naming the University as the lone defendant, Anderson's allegations of violations of his Fourth and Fourteenth Amendment rights pursuant to § 1983, as well as his state law claims, are barred by the University's Eleventh Amendment sovereign immunity on two grounds – (1) the University, as an "arm" of the state, is not a "person" as defined by § 1983, and (2) the University may not be sued for damage awards under § 1983. Because Anderson seeks monetary damages from the University for the alleged § 1983 violations, his action is barred by the Eleventh Amendment. Thus, Anderson's claims for violation of the Fourth and Fourteenth Amendment brought under § 1983 will be dismissed.

The University's Eleventh Amendment immunity also bars Anderson's state law claims. Anderson alleges violations of his human rights under Tenn. Code Ann. § 4-21-101 and § 50-2-201. Anderson also alleges common law claims of assault, negligence, and intentional infliction of emotional distress. It is equally well settled that Eleventh Amendment immunity applies not only to claims brought under federal law, but also to state claims brought in federal court under this court's supplemental jurisdiction. *Hiefner,* 914 F.Supp. at 1515. Therefore, the Eleventh Amendment is a bar not only to Anderson's claims against the University, but also to his claims against University employees in their official capacities. *See Agrawal v. Montemagno,* 574 Fed. Appx. 570, 573 (6th Cir. 2014)

5

(State law claims brought in federal court pursuant to supplemental jurisdiction are barred by Eleventh Amendment immunity).

In his response to the University's motion to dismiss, Anderson asserts that 28 U.S.C. § 1343(a)(3) operates as a waiver of Eleventh Amendment immunity. This argument was rejected by the Ninth Circuit in *Richfield v. State of Calif.*, 1994 WL 96368 at *1 (9th Cir. Mar. 24, 1994) (Section 1343 does not operate to lift the Eleventh Amendment bar to plaintiff's action because it contains no expression of congressional intent to abrogate state immunity). *See also, Jallali v. Florida,* 2010 WL 1856173 at *3 (S.D.Fla. May 7, 2010).

Anderson next asserts in his response that Tenn. Code Ann. § 9-8-307 waives the State's sovereign immunity. Section 9-8-307 confers exclusive jurisdiction over monetary claims against the State in the Tennessee Claims Commission. The section expressly provides, "No language contained in this chapter is intended to be construed as a waiver of the State of Tennessee from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Tenn. Code Ann. § 9-8-307(f). Accordingly, the court finds that Anderson's state law claims against the University are barred by the Eleventh Amendment.

## B.  Titles VI, VII and IX

Anderson references Titles VI, VII and IX in his complaint. Title VI prohibits discrimination on the basis of race, color, and national origin by recipients of federal financial assistance, and provides a remedy for employment discrimination only where (1) allegations are made against an entity receiving federal aid that has the primary objective

6

of providing employment, or (2) the beneficiaries of the aid are those being discriminated against. *Thompson v. Blount Mem. Hosp. Inc.*, 2007 WL 1041310 at *2 (E.D.Tenn. Apr. 3, 2007). To state a claim for a private cause of action under Title VI, a plaintiff must allege he was denied the benefits of a program on account of his race. *Id.* Title VII also prohibits employment discrimination on account of race. 42 U.S.C. § 2000e.

Anderson's complaint fails to state a plausible claim under Titles VI and VII. The complaint provides no facts that demonstrate an employment relationship between the University and Anderson that would make him a member of a class entitled to protection under Titles VI and VII. Accordingly, the court finds Anderson has failed to state a claim for which relief can be granted under Titles VI and VII, and those claims will be dismissed.

Title IX of the Educational Amendments of 1972, provides that no person shall "on the basis of sex, be excluded from participation in, or be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Anderson's complaint contains no allegations that he was "under any education program or activity" or that any action was taken against him on the basis of sex. Accordingly, the court finds Anderson has failed to state a claim for which relief can be granted under Title IX and his claim will be dismissed.

### C. Tenn. Code Ann. § 4-21-101 and § 50-2-201

Finally, Anderson alleges violation of Tennessee Code sections 4-21-101 and 50-2-201. Section 4-21-101 is part of the Tennessee Human Rights Act which prohibits discrimination in employment, housing, and public accommodation. Anderson's complaint contains no facts that would support a claim on any of these bases.

7

Section 50-2-201 prohibits gender-based discrimination in employment compensation. Anderson's complaint makes no allegations that he had an employment relationship with the University or that he suffered any gender-based discrimination whatsoever. Accordingly, Anderson's claims brought pursuant to Tenn. Code Ann. § 4-21-101 and § 50-2-201 will be dismissed for failure to state a claim upon which relief can be granted.

## IV. Motion to Amend Complaint

Anderson moves to amend his complaint by adding a claim/reference to 42 U.S.C. § 1983. Where a response to a complaint has been filed, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). The University does not consent to the amendment, and argues that any claim asserted in the proposed amended complaint is barred by the Eleventh Amendment. Thus, the proposed amended complaint is futile.

A proposed amendment is futile if the amendment would not withstand a Rule 12(b)(6) motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). Assuming that Anderson seeks to add a claim under § 1983, that claim would not cure the deficiency in his pleadings because a § 1983 claim would be barred by the Eleventh Amendment as discussed above. It is well settled that § 1983 did not abrogate the state's Eleventh Amendment immunity from claims brought under that provision. *See* Tenn. Const. Art. I, § 7; Tenn. Code Ann. § 20-13-102(a); *Henderson v. Southwest Tennessee Comm. College.,* 282 F.Supp.2d 804, 807 (W.D.Tenn. 2003)

(recognizing that Tennessee has not waived its Eleventh Amendment immunity to suit under 42 U.S.C. § 1981); *Dotson v. State Tech. Ins. Of Memphis*, 1997 WL 777947 (6th Cir. Dec. 12, 1997) (school immune from § 1983 suits in federal court under the Eleventh Amendment because school is a state agency and the state has not waived its immunity). Thus, any § 1983 claim would be subject to dismissal and Anderson's motion to amend would be futile. Accordingly, Anderson's motion to amend his complaint will be denied.

## V. Conclusion

In accordance with the foregoing discussion, the University's motion to dismiss [R. 4] is **GRANTED**, Anderson's motion to amend complaint [R. 14] is **DENIED**, and this action is **DISMISSED in its entirety, with prejudice.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**